UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARL ANDREWS,

               Plaintiff,

               v.                 **DECISION & ORDER**
                                                21-CV-5673 (WFK) (ARL)

JAMES JOHNSON, DETECTIVE; JUDGE GARY
R. BROWN; DANIEL H. WOLF; KEVIN KEATING;
BENJAMIN SHRIER; SUSAN KELLMAN; EZRA
SPILKE,

               Defendants.
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

        On October 6, 2021, *pro se* Plaintiff Carl Andrews, incarcerated at Yaphank Correctional Facility in Riverhead, New York, filed this civil rights action pursuant to the Court's federal question jurisdiction seeking damages against Detective James Johnson, federal prosecutors, Daniel H. Wolf and Benjamin Shrier, and criminal defense attorneys, Ezra Spilke, Susan Kellman and Kevin Keating, who participated in his criminal cases in the United States District Court for the Southern District of New York ("Southern District") and in this Court.[1] Plaintiff also names as a defendant the Honorable Gary R. Brown, a judge of this Court who is presiding over Plaintiff's pending criminal case. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the complaint against all defendants, except Detective James Johnson.

## BACKGROUND

        In the instant complaint,[2] Plaintiff alleges that prosecutors, a detective, the judge, and

---

[1] Plaintiff had a prior criminal matter in the United States District Court for the Southern District of New York, *United States v. Andrews*, 19-CR-131-6 (nolle prosequi filed Dec. 3, 2020) and has a pending criminal matter in this Court, *United States v. Andrews*, 20-CR-546 ("Eastern District criminal case").
[2] On October 6, 2021, the same day he filed this complaint, Plaintiff filed a substantially similar complaint against

1

defense attorneys in his pending criminal action in this Court have violated his constitutional rights. Specifically, he alleges false arrest, a violation of his speedy trial rights, prosecutorial misconduct, destruction of evidence, failure to provide exculpatory evidence, and improper venue. Plaintiff names as defendants, the Honorable Gary R. Brown, two United States Attorneys, Daniel H. Wolf and Benjamin Shrier, and three criminal defense attorneys appointed to defend him, Kevin Keating, Ezra Spilke, and Susan Kellman. He seeks exoneration[3] and damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Likewise, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

the same criminal defense attorneys and prosecutors in the Southern District, *Andrews v. Johnson,* 21-CV-8310. The Court has compared the two complaints and notes that instead of the Honorable Gary R Brown, plaintiff's Southern District complaint names the judge who presided over his Southern District criminal action, the Honorable Paul Engelmeyer.

3  To the extent plaintiff seeks dismissal of the charges against him, such a claim can only be raised in his pending criminal action, or, if convicted, a habeas action. *See, e.g., Edwards v. Basilok,* 520 U.S. 641, 644 (1997) (holding that when a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus).

relief."

The Court construes Plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quotations and citations omitted). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quotations omitted).

## DISCUSSION

None of the defendants, except Detective Johnson, are proper parties to this complaint asserting claims for the violation of Plaintiff's constitutional rights[4] over the course of his arrest and criminal prosecution.

---

4 To the extent Plaintiff's claims are against state actors, those claims are construed as brought pursuant to 42 U.S.C. § 1983. To the extent Plaintiff's claims are against federal actors, those claims are brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens"). Both *Bivens* and § 1983 actions are designed to provide redress for constitutional violations." *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir. 1987). A *Bivens* case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct. "Though the two actions are not precisely parallel, there is a "general trend in the appellate courts to incorporate § 1983 law into *Bivens* suits." *Chin v. Bowen,* 833 F.2d at 24 (quoting *Ellis v. Blum,* 643 F.2d 68, 84 (2d Cir. 1981).

3

### I. United States District Judge Gary R. Brown

Plaintiff complains that the Honorable Gary R. Brown, United States District Judge, "allowed the case to go to trial knowing that plaintiff[']s *Brady* [*v. Maryland*, 373 U.S. 83 (1963) rights were] being violated" and that plaintiff had "assertively" raised both the *Brady* and speedy trial claims. ECF No. 1 at 5. However, judges are absolutely immune from suit and are not subject to liability for judicial actions taken within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). This immunity extends to claims brought under *Bivens* and 42 U.S.C. § 1983. *Butz v. Economou,* 438 U.S. 478, 500–01 (1978); *Barrett v. United States,* 798 F.2d 565, 572 (2d Cir.1986). Moreover, this immunity applies even when the judicial acts are done maliciously, corruptly, or in excess of judicial authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

To the extent Plaintiff believes the judge's actions were incorrect or improper, his recourse is through the appeal process. *See, e.g., Pierson v. Ray,* 386 U.S. 547, 554 (1967) ("It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."). Because District Judge Brown is entitled to absolute immunity from Plaintiff's claims, Plaintiff's claims against him are dismissed pursuant to § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### II. Assistant United States Attorneys Wolf and Shrier

Plaintiff also names two of the federal prosecutors involved in his criminal prosecution, Daniel H. Wolf and Benjamin Shrier, Assistant United States Attorneys for the Southern District

4

of New York. Federal prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that a state prosecuting officer had absolute immunity under § 1983 when initiating a prosecution and when presenting a state's case); *Bouchard v. Olmsted*, 775 F. App'x 701, 702–03 (2d Cir. 2019) (summary order) (federal prosecutors had absolute immunity from the *Bivens*). Prosecutorial immunity protects prosecutors for all actions they take while performing their functions as advocates for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Bouchard*, 775 F. App'x at 703 (2d Cir. 2019) (Prosecutors are entitled to "absolute immunity with respect to their 'prosecutorial functions,' which include their actions 'as advocates and when their conduct involves the exercise of discretion.'" (quoting *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011))) (summary order). Prosecutorial functions protected by absolute immunity include decisions such as "whether to present a case to a grand jury, . . . whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012). Prosecutors are granted this immunity "because their prosecutorial activities are 'intimately associated with the judicial phase of the criminal process, and thus [are] functions to which the reasons for absolute immunity apply with full force." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (alteration in original) (quoting *Imbler*, 424 U.S. at 430).

Preparing for the initiation of judicial proceedings and prosecuting criminal actions are clearly within the scope of immunity afforded to prosecutors. *See, e.g.*, *Buckley*, 509 U.S. at 273; *Giraldo*, 694 F.3d at 165. Thus, Plaintiff's claims against Assistant United States Attorneys Shrier and Wolf are barred by prosecutorial immunity and are dismissed.[5]  28 U.S.C. §

---

5 To the extent that Plaintiff's allegations could be construed as asserting a constitutional claim for malicious prosecution, any such claim would also be barred by *Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994) (or is it

5

1915(e)(2)(B)(i); (ii); 28 U.S.C. § 1915A; *Tigano v. United States*, 19-CV-3337, 2021 WL 1109162, at *4 (E.D.N.Y. Mar. 22, 2021) (Chen, J.) (*Bivens* claim against federal prosecutors dismissed on ground of absolute prosecutorial immunity).

### III. Criminal Defense Lawyers

Plaintiff also names several lawyers appointed under the Criminal Justice Act to represent him in his criminal cases: Susan Kellman, Ezra Spilke and Kevin Keating as defendants ("CJA attorneys").[6] Since these defendants are neither federal nor state actors, Plaintiff's claims against these private parties must also be dismissed.

The Supreme Court acknowledges that a public defender's representation of a client is "essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed, notwithstanding that the public defender is paid by the government." *Polk Cty. v. Dodson*, 454 U.S. 312, 318–22 (1981). A court-appointed attorney is not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 because that counsel does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. at 321; *Jiau v. Hendon*, 12-CV-7335, 2014 WL 559004, at *8 (S.D.N.Y. Feb. 12, 2014) (Engelmayer, J.) (holding the law is clear that an attorney appointed pursuant to the CJA who performs "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" is not a state actor) (quoting *Polk Cty*, 454 U.S. at 325). Similarly, an attorney does not become a federal official for purposes of a *Bivens* action when he is appointed by a federal court pursuant to federal law. *See Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (summary order) ("[A]n attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes

---

premature. To the extent the plaintiff asserts his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) were infringed, such a claim can only be brought in a habeas action.
6 Kellman and Spilke also appeared on Plaintiff's behalf in the Southern District criminal case.

of a *Bivens* action."). Courts have applied the *Polk County* decision in *Bivens* actions to dismiss claims against a federal defender, *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982), and an attorney appointed pursuant the Criminal Justice Act, 18 U.S.C. § 3006A. *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990); *see also Pagani-Gallego v. Escobedo*, 149 F.3d 1184 (6th Cir. 1998); *Monsegue v. Moore*, 2019 WL 469911, at *4 (S.D. Ga. Feb. 6, 2019) (holding neither federal defenders nor court-appointed counsel are federal officials acting under color of law); *Freeman v. Cleary*, 2018 WL 4381191, at *2 (M.D. Fla. May 9, 2018) (same); *Riggs v. Lynch*, 2016 WL 7007551, at *10 (N.D. Ala. Nov. 10, 2016) (same).

Since these defendants are not state actors, nor federal officials and Plaintiff does not claim that his appointed counsel acted in some capacity outside of the traditional functions of a lawyer representing a criminal defendant, the complaint against his criminal defense attorneys, Spilke, Kellman, and Keating, is dismissed for failure to state a claim on which relief may be granted.[7] 28 U.S.C. § 1915(e)(2)(B)(i), (ii); 28 U.S.C. § 1915A.

**IV. Claim against Police Detective Johnson**

The only remaining claim is against Detective James Johnson. Plaintiff states that Johnson was the "leading detective who . . . fabricated the case from the beginning and brought about the sex trafficking case." ECF No. 1 at 2. He further alleges that Johnson destroyed evidence and lied about the "witness in this case," with whom Johnson had a "private intimate relationship." *Id*. The complaint against this defendant may proceed.[8]

---

[7] To the extent Plaintiff is attempting to state an ineffective assistance of counsel claim against any or all of the counsel who represented him in his criminal action, such a claim is within the province of 28 U.S.C. § 2255 and not cognizable here. *See, e.g., Edwards v. Basilok*, 520 U.S. 641, 644 (1997) (holding that when a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus).

[8] Plaintiff does not identify where Johnson is employed. From a review of the criminal actions, it appears that he is employed by the Suffolk County Police Department. The Court cannot serve the complaint without more information. Plaintiff is directed to supply his title and badge number, if known, and a service address for Detective James Johnson.

7

## CONCLUSION

Accordingly, the complaint against defendants Brown, Wolf, Keating, Shrier, Kellman, and Spilke is dismissed for failure to state a claim on which relief may be granted or because they are immune from suit. 28 U.S.C. 1915(e)(2)(B); 1915A. The Clerk of Court is respectfully requested to amend the caption to reflect their dismissal.

The complaint against the sole remaining defendant, Detective James Johnson, may proceed. However, since there is no address at which the United States Marshals Service can serve him, Plaintiff is directed to provide Detective James Johnson's employer, badge number (if known), and service address within 30 days of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Andrews by mail, and to note the mailing on the docket.

**SO ORDERED.**

s/ WFK

Dated: November 1, 2021  HON. WILLIAM F. KUNTZ, II
       Brooklyn, New York  U.S. DISTRICT JUDGE

8