UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARL ANDREWS,

                           Plaintiff,                       **REPORT AND**
                                                                         **RECOMMENDATION**
                                                                         21-CV-5673 (NJC) (ARL)
       -against-

JAMES JOHNSON,

                           Defendant.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      *Pro* se plaintiff, Carl Andrews ("Plaintiff"), commenced this civil rights action on November 6, 2021, alleging that he was wrongfully prosecuted in the United States District Court for the Southern District of New York for crimes he did not commit. ECF No. 1. This action was originally brought against Detective James Johnson, United States District Judge Gary Brown, Daniel H. Wolf, Kevin Keating and Benjamin Shrier. *Id.* By Order dated November 1, 2021, District Judge Kuntz dismissed Plaintiff's claims against all named defendants except Detective Johnson. ECF No. 5.

      On December 8, 2022, Plaintiff requested an extension of time to serve the Complaint in this action on Detective Johnson. ECF No. 26. This is the last correspondence received from Plaintiff. Plaintiff's motion was granted and service was attempted at the address provided by the County Attorney's Office. Service was not accepted at that address. ECF No. 34. By Order dated June 16, 2023, the undersigned issued an Order directing Defendant's counsel to accept service on behalf of Defendant or file an objection to accepting service no later than June 23, 2023. No objection was filed. On October 13, 2023 this case was re-assigned to District Judge Choudhry. The reassignment Order was mailed to the Plaintiff at the address listed on the docket

sheet but was returned to the Court as undeliverable. ECF No. 35.

On February 1, 2024, Judge Choudhry issued an order directing Plaintiff to update his address on ECF no later than February 14, 2024. That order was also returned as undeliverable. ECF No. 37.

On February 16, 2024, this Court issued an Order to Show directed to Plaintiff notifying him of his obligation to update his address in writing with the Clerk of the Court, and affording Plaintiff one final opportunity to do so by March 16, 2024.  ECF No. 40.  The Order was addressed to Plaintiff at the Suffolk County Correctional Facility, his last known address.  The order to show cause was once again returned as undeliverable.  ECF No. 41.  Plaintiff was warned that a failure to respond to the order to show cause could result in a recommendation by the undersigned to Judge Choudhry that this action be dismissed with prejudice for a failure to prosecute.  To date, Plaintiff has not responded to the order to show cause.  The Court has not received any communication from Plaintiff since December 2022.  On March 29, 2024, Defendant filed a motion to dismiss for failure to prosecute.  ECF No. 42.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal; (3)

> defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). Moreover, parties have an obligation to notify the Court of any change of address. *See Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013). This rule applies to both represented parties as well as *pro se* litigants. *Id.*

Despite being afforded numerous opportunities update his address by Judge Choudhry and the undersigned, Plaintiff has failed to do so. Indeed, the Court has not received any correspondence from Plaintiff since 2022. Under these circumstances, the matter cannot proceed. Certainly, Defendant would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been noncooperative. The undersigned, therefore, respectfully recommends that this case be dismissed for failure to prosecute.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Plaintiff must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of

time for filing objections must be directed to Judge Choudhry prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      April 5, 2024

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge

4